

APPLICATION GRANTED
SO ORDERED _____
VERNON S. BRODERICK
U.S.D.J. 6/6/2024

Having considered the relevant factors, including whether Defendants have made a "strong showing" that Plaintiff's claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendants have met their burden to show good cause why discovery should be stayed. Accordingly, discovery is hereby STAYED pending my decision on the motion to dismiss. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 47. SO ORDERED.

**VIA CM/ECF**
Honorable Vernon S. Broderick
United States District Court for the Sout
Thurgood Marshall United States Court
40 Foley Square, Courtroom 518
New York, NY 10007

Re:   *Flynn v. Weissmann et al*

Dear Judge Broderick:

This firm represents Defendants MSNBC Cable L.L.C., Nicolle Wallace, and Andrew Weismann ("Defendants") in the above-referenced action. Pursuant to L.R. 7.1(d) and this Court's Individual Rule of Practice 1.G, we write to respectfully request that the Court enter an order under to Fed. R. Civ. P. 26(c) staying discovery in this case until after the Court has decided Defendants' pending motion to dismiss for failure to state a claim. Discovery is currently set to completed by September 24, 2024. Defendants have not previously requested a stay of discovery, or any other extension or adjournment of discovery-related deadlines. Plaintiff Michael T. Flynn ("Plaintiff") does not consent to Defendants' request because he believes discovery should proceed. The reasons for and the good cause supporting Defendants' request are set forth below.

Plaintiff is a retired Army general who resigned from his position as then-President Donald Trump's first National Security Advisor following allegations that he lied about his communications with the Russian ambassador. Dkt. 25 at 2. On November 30, 2017, Plaintiff pleaded guilty to "willfully and knowingly mak[ing] materially false, fictitious, and fraudulent statements and representations" to the FBI. *Id.* at 3. At his sentencing hearing on December 18, 2018, Plaintiff affirmed under oath that he lied to the FBI. *Id.* Plaintiff subsequently accepted a pardon from President Trump. *Id.* at 4. On December 18, 2020, Plaintiff participated in a meeting during which different strategies for keeping President Trump in office, including the use of martial law, were discussed. *Id.* at 5. That meeting was the subject of a Congressional subpoena and was cited by a grand jury in Georgia in their recommendation that Plaintiff be indicted for his "effort[s] to overturn the 2020 presidential election." *Id.*

On October 24, 2023, Plaintiff filed his Complaint in the Middle District of Florida, Dkt. 1, asserting claims for defamation and injurious falsehood based on statements Defendants made about Plaintiff's admission that he lied to the FBI and his involvement in the January 6 insurrection. *Id.* ¶¶ 21-47. On January 2, 2024, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim and for lack for personal jurisdiction or, in the alternative, to the transfer the case to this District. Dkts. 22, 25. On March 20, 2024, Judge Moody in the Middle District of Florida transferred the case to this District and did not rule on Defendants' motion to

Page 2

dismiss for failure to state a claim, which remains pending.[1]  Dkt. 34.  On April 29, 2024, the Court issued a case management plan and scheduling order, which set the deadline for the completion of all discovery as September 24, 2024.  Dkt. 46.

Defendants respectfully request that this Court stay discovery because the motion to dismiss is likely to be granted and no prejudice will result from the stay.  Pursuant to Federal Rule of Civil Procedure 26(c)(1), a district court has broad discretion to stay discovery "for good cause." *See Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09cv5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay.  *Id.*; *see also O'Sullivan v. Deutsche Bank AG*, No. 17cv8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) ("[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case.") (internal quotes omitted); *Arungwa v. Brennan et al.*, No. 1:17-cv-09586-GHW, Dkt. 26 (S.D.N.Y. 2018) (granting letter motion for stay of discovery pending defendant's motion to dismiss). Here, each of these factors supports granting Defendants' request to stay discovery.

***First,*** a stay of discovery is appropriate where, as here, the dispositive motion is likely to be granted.  *Johnson v. N.Y. Univ. School of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotes omitted); *Rivera v. Heyman*, No. 96cv4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success").  Defendants' motion, which offers numerous, independent grounds for why Plaintiff's Complaint fails to state a claim, is meritorious.

- As to Plaintiff's claim that Defendants stated or implied that he committed a crime by willfully and knowingly making materially false statements to the FBI, Defendants' motion is likely to succeed.  Plaintiff admits to lying to the FBI. Dkt. 25 at 10-11; *see also id.* at 3.  In fact, Plaintiff's own Complaint concedes that he "pleaded guilty to the alleged crime [of lying to the FBI]." Dkt. 1 ¶ 17.  Thus, Defendants' challenged statements are substantially true, and therefore cannot support a defamation claim.  *Id.* at 10-11.  The statements are also fully protected by the fair report privilege because they fairly and accurately described court records from Plaintiff's criminal proceedings.  *Id.* at 12-15. *See* N.Y. Civ. Rights Law § 74.

- As to Plaintiff's claim that Defendants accused him of "plott[ing] the insurrection," the motion establishes that Defendants' statement is constitutionally protected opinion, *id.* at 15-19, because the terms "plotted" and "insurrection" are precisely the kind of "loose, figurative" language that is not objectively verifiable and, are, therefore, constitutionally protected statements.  *Id.* at 18.  In addition, the statement is a fair report of an official proceeding pursuant to N.Y. Civ. Rights Law § 74 because it reports on the December 18, 2020 meeting inside the Oval Office that resulted in a Congressional subpoena.  *Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 588 (S.D.N.Y. 2009) (meaning of "official proceeding" is to be construed "broadly"); *e.g., Gubarev v. Buzzfeed, Inc.*, 340 F. Supp. 3d 1304, 1313 (S.D. Fla. 2018) (determining that dossier about President Trump's relationship

---

[1] On April 8, 2024, Defendants requested leave to file supplemental briefing related to the pending Motion, which the Court granted on April 10, 2024.  Dkts. 37, 38.

Page 3

    with Russia was "official proceeding" under New York law because there were classified briefings on it).

- Finally, both categories of statements are nonactionable because Plaintiff is a public figure who failed to plausibly plead that they were published with actual malice, as is required of any public official. *Id.* at 19-24.

In short, this Court is likely to grant the motion, rendering any discovery unnecessary.

    ***Second***, discovery this case is likely to be far-reaching and expensive. Because "truth is an absolute defense to a libel action," *Boehner v. Heise*, 734 F. Supp. 2d 389, 398 (S.D.N.Y. 2010), Defendants are necessarily required to take discovery from numerous individuals and organizations potentially involved in Plaintiff's prosecution, including the United States Attorneys' office, the FBI, and individuals with knowledge of Plaintiff's conversations with the Russian ambassador. Defendants will also seek discovery from individuals involved with Plaintiff's election-denial efforts, including several individuals, such as Mark Meadows, Sydney Powell, Mike Lindell, Patrick Byrne, and Rudy Giuliani, who are under indictment or face other legal jeopardy because of their actions in seeking to keep President Trump in power. These individuals are likely to resist any attempt to subpoena documents or testimony. Moreover, Plaintiff will undoubtedly attempt to take extensive discovery from Defendants, including by seeking to depose many of the individuals involved in producing the podcast during which the statements at issue were made. But New York courts have long been cognizant of the chilling effect costly discovery and litigation have on a publisher's First Amendment right to report newsworthy topics. *See Freeze Right Refrig. & Air Cond. Servs., Inc. v. City of N.Y.*, 101 A.D.2d 175, 181 (1st Dep't 1984) ("[C]ourts should not be oblivious to the crippling financial burden which the defense of libel claims entails, even for major news organizations, and the consequent chilling effect this burden can have on the dissemination of news."). A stay is warranted here.

    ***Third,*** a stay of discovery would not impose undue prejudice on Plaintiff. Indeed, where, as here, a straightforward application of governing law requires dismissal of the plaintiff's claims, courts in this District regularly grant motions to stay since a "delay in discovery without more does not amount to undue prejudice." *Alapaha*, 2021 WL 1893316, at *3 (citing *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")). Moreover, the requested stay is only for a "short period of time" since Defendants' motion will be fully briefed and ready for a decision by June 10, 2024. *See* Dkt. 38; *Rivera*, 1997 WL 86394, at *1. Given that New York courts have repeatedly recognized that a defamation suit "is as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself" and that courts must therefore "resolve defamation actions at the pleading stage" where possible, *Adelson v. Harris*, 973 F. Supp.2d 467, 481 (S.D.N.Y. 2013), there is ample good cause to stay discovery.

    Based on the foregoing, Defendants respectfully request that the Court issue an order staying all discovery in this action until the resolution of Defendants' motion to dismiss.

                                                       Respectfully submitted,
                                                       */s/ Katherine M. Bolger*